# IN THE UNITED STATES DISTRICT COURT
## EASTERN DIVISION OF MICHIGAN
## SOUTHERN DIVISION

DANICA PETTY, as Next Friend of
Z.F. DOE,

      Plaintiff,

v

LIVONIA PUBLIC SCHOOLS, GARDEN
CITY PUBLIC SCHOOLS, JAMES BAIRD,
DEREK FISHER, ANDREA OQUIST,
JAMES BOHNWAGNER, individually and in
their official capacities,

      Defendants.

Case No. 21-cv-11328
Hon. VICTORIA A.
ROBERTS

---

| | |
|---|---|
| Parker G. Stinar (P75252) | Craig R. Noland (P30717) |
| WAHLBERG, WOODRUFF, NIMMO & SLOANE LLP | Amanda M. Zdarsky (P81443) |
| | McGRAW MORRIS PC |
| Attorneys for Plaintiff | Attorneys for Defendant James Baird |
| 4601 DTC Boulevard, Suite 950 | 300 Ottawa Avenue NW, Suite 820 |
| Denver, CO 80237 | Grand Rapids, MI 49503 |
| (303) 571-5302 | (616) 288-3700 |
| parker@denvertriallawyers.com | cnoland@mcgrawmorris.com |
| | azdarsky@mcgrawmorris.com |
| Ven R. Johnson (P39219) | |
| Jeffrey T. Stewart (P24138) | Michael D. Weaver (P43985) |
| Kanwarpreet Khahra (P 80253) | PLUNKETT COONEY |
| JOHNSON LAW PLC | Attorneys for Defendants Garden |
| Attorneys for Plaintiff | City Public Schools, Fisher & |
| 535 Griswold, Suite 2632 | Bohnwagner |
| Detroit, MI 48226 38505 | Woodward Avenue, Suite 100 |
| (313) 324-8300 | Bloomfield Hills, MI 48304 |
| jstewart@venjohnsonlaw.com | (248) 901-4025 |
| | mweaver@plunkettcooney.com |

Gouri G. Sashital (P64628)
KELLER THOMA PC
Attorneys for Defendants Livonia
Public Schools and Andrea Oquist
26555 Evergreen Road, Suite 550
Southfield, MI 48076
(248) 965-7610
gsr@kellerthoma.com

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

---

NOW COMES Plaintiff DANICA PETTY, as Next Friend of Z.F. DOE by and through her attorneys WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP and JOHNSON LAW, PLC, and for her First Complaint against the above-named Defendants, state as follows:

### Purpose for Amendment

The sole purpose of this amendment is to comply with a directive of the Court to remove the previously-joined claims of Gabrielle Washington, As Next Friend of P.H. Doe from the claims in this case and thus permit the filing of the P.H. Doe claims in a separate suit being filed simultaneously with this amended complaint.

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Danica Petty (hereinafter "Ms. Petty") was at all times relevant to this cause of action a resident of Wayne County, Michigan. She brings

this cause of action solely in a representative capacity as Next Friend of and on behalf of her minor daughter Z.F. Doe.

2.      Defendant Livonia Public Schools ("LPS") is and was at all times relevant to this cause of action a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

3.      Defendant LPS at all times relevant to this cause of action regularly received Federal monies for purposes of providing services to special needs students.

4.      Defendant Garden City Public Schools ("GCPS") is and was at all times relevant to this cause of action a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

5.      Defendant GCPS at all times relevant to this cause of action regularly received Federal monies for purposes of providing services to special needs students.

6.      Upon information and belief, Defendant James Baird (hereinafter "Baird") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

7.      Defendant Baird was at all times relevant to this cause of action an

employee of a public school district, acting as a public school district employee, and acting within the scope of his employment and under the color of state law.

8.     Upon information and belief, Defendant Derek Fisher (hereinafter "Fisher") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

9.     Defendant Fisher was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of his employment and under the color of state law.

10.     Defendant Fisher at all times relevant to this cause of action was the superintendent of GCPS.

11.     Upon information and belief, Defendant Andrea Oquist (hereinafter "Oquist") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

12.     Defendant Oquist was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of her employment and under the color of state law.

13.     Defendant Oquist at all times relevant to this cause of action was the superintendent of LPS.

4

14.     Upon information and belief, Defendant James Bohnwagner (hereinafter "Bohnwagner") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

15.     Defendant Bohnwagner was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of his employment and under the color of state law.

16.     Defendant Bohnwagner was at all times relevant to this cause of action employed as GCPS as the principal of Douglas Elementary 3-4 Campus (or Douglas Elementary School), which is a school within GCPS.

17.     This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

18.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, in the County of Wayne.

## COMMON ALLEGATIONS

19.     Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

20.     At all times relevant to this cause of action, Z.F. Doe suffered from visual impairments, including oculocutaneous albinism, and was enrolled in GCPS at Douglas Elementary.

21.     At all times relevant to this cause of action, Defendant Baird was employed by LPS and pursuant to an agreement was contracted out to GCPS as a vision specialist at Douglas Elementary to provide services and instruction to students with visual and physical impairments, including Z.F. Doe.

22.     Z.F. Doe had an IEP and under Z.F. Doe's IEP, she was approved for vision specialty services through the Garden City Public Schools/Livonia Public Schools Visual Impairment Program, which included orientation and mobility lessons with Defendant Baird up to two times weekly.

23.     Defendant Baird regularly conducted and provided Z.F. Doe vision specialty services in a room in the library at Douglas Elementary with no windows and with the door closed.

24.     On or about December 9, 2019, Z.F. Doe attended one of her regular service sessions with Defendant Baird.

25.     On that day, Defendant Baird placed eye occluders on Z.F. Doe,

which completely excluded her vision.

26.     With the eye occluders placed on Z.F. Doe, Defendant Baird then proceeded to place his penis in Z.F. Doe's hand and around her mouth.

27.     Upon feeling Defendant Baird's penis in her hand and around her mouth, Z.F. Doe informed Defendant Baird that she felt uncomfortable and removed her occluders to find Baird pulling up and zipping up his pants.

28.     On or about December 9, 2019, Z.F. Doe immediately reported the incident with Defendant Baird to her mother, who then reported the incident to Z.F. Doe's third grade teacher, Mrs. Elizabeth Abbot, which prompted an investigation by GCPS and the Garden City Police Department.

29.     After the December 9, 2019, incident, GCPS determined that Baird would never again provide services to any GCPS student.

30.     GCPS conducted a Title IX investigation into the incident involving Z.F. Doe, and the Title IX report listed three reasons for their determination to exclude Defendant Baird from providing services to its students, which included that 1) Defendant Baird's examination of Z.F. Doe lasted only 13 minutes despite Defendant Baird's acknowledgement that his sessions normally lasted between 30-40 minutes; 2) Defendant Baird was required to sign in and out when entering and leaving the school and he failed to sign out on December 9, 2019; and 3) GCPS recognized that Defendant Baird's use of the occluders on Z.F. Doe on

December 9, 2019, was impractical and the school was unable to determine how the exercises, including, but not limited to, the use of the occluders, performed on Z.F. Doe by Defendant Baird would benefit Z.F. Doe's functional independence goals.

31.    Defendant Baird throughout the investigation(s) claimed that he was given permission to use occluders with students in the Visual Impairment Program but failed to produce any documents to establish that he was granted such permission.

32.    GCPS informed LPS in writing of the sexual assault allegations made by Z.F. Doe on or about December 9, 2019.

33.    GCPS informed LPS of their decision to disallow Defendant Baird to continue providing services to students at GCPS on or about December 9, 2019.

34.    LPS did not terminate Defendant Baird upon being informed by GCPS there was an allegation that a 3rd grade Douglas Elementary School student, Z.F. Doe, who had been sexually assaulted by Defendant Baird and that GCPS had made the decision to disallow Defendant Baird to continue providing services to students at GCPS.

35.    GCPS and LPS made no attempt to warn or advise current and former students or their parents that allegations had surfaced of sexual abuse of a minor student or other inappropriate conduct by Defendant Baird.

36.     Defendant Baird remained under the employ of LPS until his resignation on August 5, 2022.

## COUNT I – EXCESSIVE FORCE
## VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

37.     Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38.     Defendant Baird was at all times relevant to this cause of action an employee of a public school, acting as a public-school employee, and acting within the scope of his employment and under the color of state law.

39.     At all times relevant to this cause of action, Z.F. Doe was afforded the constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unnecessary, unreasonable, illegal, and excessive force.

40.     At all times relevant to this cause of action, Defendant Baird owed a duty to the public, but especially to Z.F. Doe, to act in a lawful and reasonable manner, and to avoid the use of unnecessary, unreasonable, illegal, and excessive force, in violation of Z.F. Doe's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

41.     Defendant Baird engaged in physical sexual abuse of Z.F. Doe,

which constituted unnecessary, unreasonable, illegal, and excessive force, in violation of Z.F. Doe's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or Defendant GCPS.

42.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and/or physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal, and excessive and would have been under the same or similar conditions that existed and as alleged herein.

43.     The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against Z.F. Doe amounted to a violation of Z.F. Doe's rights under the Fourth and Fourteenth Amendment of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

44.     Defendant Baird is not entitled to qualified immunity.

45.    As a direct and proximate result of Defendant Baird's use of excessive force and physical sexual abuse of Z.F. Doe, Z.F. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.   Physical pain and suffering;

b.   Mental anguish;

c.   Fright and shock;

d.   Denial of social pleasure and enjoyments;

e.   Embarrassment, humiliation, and mortification;

f.   Reasonable expenses of necessary medical care, treatment and services;

g.   Loss of earnings capacity;

h.   Any and all injuries or damages that are learned through the course of discovery.

46.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendant is liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy

any and all such inadequacies.

47.    The actions of Defendant Baird as described above were malicious,
deliberate, intentional, and embarked upon with the knowledge of, or in conscious
disregard of, the harm that would be inflicted upon Z.F. Doe. As a result of
such intentional conduct, Plaintiff is entitled to punitive damages in an amount
sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable
Court enter judgment in her favor and against Defendants, jointly and severally,
in an amount in excess of $75,000.00 plus costs, interest, and attorney fees, as
well as punitive and-or exemplary damages so wrongfully incurred, as the Court
deems just.

## COUNT II – SUBSTANTIVE DUE PROCESS VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

48.    Plaintiff reasserts and re-alleges each and every allegation contained
in the preceding paragraphs as if fully set forth herein.

49.    Defendant Baird was at all times relevant to this cause of action an
employee and/or administrator of a public school, was acting as a public-school
employee and/or administrator and was acting within the scope of his employment
and under the color of state law.

50.     At all times relevant to this cause of action, Z.F. Doe had the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution not to be deprived of life without due process.

51.     At all times relevant to this cause of action, Z.F. Doe was afforded the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, including the right to be free from sexual abuse at the hands of a school employee and particularly when it is not administered for any pedagogical purpose but only for the gratification of Defendant Baird..

52.     At all times relevant to this cause of action, Z.F. Doe had the right under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to be free from arbitrary government conduct that lacks all socially redeeming value.

53.     Defendant Baird engaged in physical sexual abuse of Z.F. Doe, which constituted unnecessary, unreasonable, illegal, and excessive force, in violation of Z.F. Doe's rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or

should have been in effect at Defendant LPS and/or Defendant GCPS.

54.     Those rights were at all times relevant to this cause of action clearly established in that any reasonable governmental official in Defendant Baird's position would have known that such rights were being violated when Defendant Baird inflicted physical sexual abuse on Z.F. Doe has alleged herein.

55.     The acts of physical and emotional abuse by Defendant Baird of Z.F. Doe, under all circumstances relevant to this cause of action caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a mere careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power that is literally shocking to the conscience.

56.     The acts of physical and emotional abuse by Defendant Baird of Z.F. Doe, under all circumstances relevant to this cause of action, lacked any and all pedagogical purpose or justification and lacked any socially redeeming value.

57.     Defendant Baird, when engaging in the conduct as set forth above, had reasonable opportunity to deliberate various alternatives and did not face the need to make a hurried judgment.

58.     The acts of physical sexual abuse by Defendant Baird of Z.F. Doe, under all circumstances relevant to this cause of action amounts to deliberate indifference to the risk that Z.F. Doe would suffer harm and to Z.F. Doe's health

14

and safety of which Defendant Baird was specifically aware and disregarded.

59.     Defendant Baird's deliberate indifference under the circumstances relevant to this cause of action reflect a failure to even care about the health and safety of Z.F. Doe and such deliberate indifference under such circumstances thus literally shocks the conscience.

60.     The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against Z.F. Doe amounted to a violation of Z.F. Doe's rights under the Due Process Clause under the Fourteenth Amendment to the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprives a person of life, liberty, or property without due process of law, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

61.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position, at all times relevant to this cause of action, would have known that the use of physical force and physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal, and excessive under the same or similar conditions that existed as alleged herein.

62.     Defendant Baird is not entitled to qualified immunity.

63.     As a direct and proximate result of Defendant Baird's use of excessive force and physical sexual abuse of Z.F. Doe, Z.F. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earning capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

64.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendant Baird, this Court should order and award additional damages to be allowed so as to satisfy

any and all such inadequacies.

65.     The actions and/or deliberate indifference of Defendant Baird as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Z.F. Doe. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT III – EQUAL PROTECTION VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD**

66.     Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67.     Defendant Baird was at all times relevant to this cause of action an employee of a public school, was acting as a public-school employee, and was acting within the scope of his employment and under the color of state law.

68.     The Equal Protection Clause of the United States Constitution prevents state actors from making distinctions that burden a fundamental right,

target a suspect class, or intentionally treat one individual differently from others similarly situated without any rational basis.

69.     At all times relevant to this cause of action, Z.F. Doe had the rights under the Fourteenth Amendment of the United States Constitution to equal protection under the law.

70.     Z.F. Doe is considered a disabled individual and is therefore part of a protected class of individuals under the Equal Protection Clause of the United States Constitution.

71.     The Equal Protection Clause of the United States Constitution forbids a governmental actor from treating disabled individuals differently where those actions are not rationally related to some legitimate governmental purpose.

72.     Defendant Baird engaged in physical sexual abuse of Z.F. Doe, which violated Z.F. Doe's rights under the Equal Protection Clause of the United States Constitution in that such physical sexual abuse was not inflicted on young children in the LPS district who did not have disabilities.

73.     Defendant Baird's actions of treating Z.F. Doe differently from similarly situated non-disabled students by inflicting physical sexual abuse on Z.F. Doe when such physical sexual abuse was not inflicted on similarly situated non-disabled students was not rationally related to any legitimate governmental purpose.

74.    Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position, at all times relevant to this cause of action, would have known that treating Z.F. Doe differently than similarly situated non-disabled students where such treatment was not rationally related to any legitimate governmental purpose was a violation of Z.F. Doe's constitutional rights under the Equal Protection Clause of the United States Constitution

75.    Defendant Baird is not entitled to qualified immunity.

76.    As a direct and proximate result of Defendant Baird's violation of Z.F. Doe's rights under the Equal Protection Clause of the United States Constitution, Z.F. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

     a.  Physical pain and suffering;

     b.  Mental anguish;

     c.  Fright and shock;

     d.  Denial of social pleasure and enjoyments;

     e.  Embarrassment, humiliation, and mortification;

     f.  Reasonable expenses of necessary medical care, treatment and

services;

g.  Loss of earning capacity;

h.  Any and all injuries or damages that are learned through the course of discovery.

77.  Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendant Baird, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

78.  The actions and/or deliberate indifference of Defendant Baird as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Z.F. Doe. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IV – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 –DEFENDANTS FISHER, OQUIST, BOHNWAGNER, LPS, and GCPS

79.   Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

80.   Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS owed Z.F. Doe certain duties to properly hire, supervise, monitor, and train its employees so as not violate the constitutional rights of students, and Z.F. Doe in particular and as alleged throughout this Complaint, and to take proper measures to report, prevent, or otherwise protect students such as Z.F. Doe in the event that such violations may occur.

81.   Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS are liable pursuant to 42 U.S.C § 1983, in that their policies, procedures, regulations, and customs, or that their failure to enact policies, procedures, regulations, and customs, caused and were the driving force behind the violation of Z.F. Doe's constitutional rights as alleged throughout this Complaint.

82.   Defendant Fisher was at all times relevant to this cause of action an employee and/or administrator of GCPS, was acting as an employee and/or administrator of GCPS and was acting within the scope of his employment and under the color of state law.

21

83.     Defendant Fisher at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at GCPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

84.     Defendant Oquist was at all times relevant to this cause of action an employee and/or administrator of LPS, was acting as an employee and/or administrator of LPS and was acting within the scope of her employment and under the color of state law.

85.     Defendant Oquist at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at LPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

86.     Defendant Bohnwagner was at all times relevant to this cause of action an employee and/or administrator of GCPS, was acting as an employee and/or administrator of GCPS and was acting within the scope of his employment and under the color of state law.

87.     Defendant Bohnwagner at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at GCPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

88.     Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS at all times relevant to this cause of action had knowledge of Defendant Baird's propensities to provide services and instruction to minor students while he was alone and unsupervised and in an area that was closed off and not visible to other school personnel.

89.     Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS with such knowledge condoned, encouraged, or otherwise knowingly acquiesced such conduct, which created substantial risks to Z.F. Doe that resulted in, or was the driving force behind, the constitutional violations as alleged herein, because they knew that privacy and lack of supervision or the ability of other personnel to observe Baird's interaction with students was essential to his ability to carry out abuse.

90.     Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS, with such

knowledge, condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the substantial risks that Z.F. Doe would be sexually abused that would result in violation of Z.F. Doe's constitutional rights as set forth throughout this Complaint.

91.     Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS were deliberately indifferent to Z.F. Doe's constitutional and other rights by failing to promulgate a policy and failing to properly train personnel and employees to prevent the unconstitutional, unlawful, and tortious mistreatment of the students, including Z.F. Doe, as alleged throughout this Complaint.

92.     Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS were deliberately indifferent to Z.F. Doe's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint when Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS had knowledge that Defendant Baird did and would engage in conduct that created the substantial risks that Z.F. Doe would be sexually abused that would result in violation of Z.F. Doe's constitutional rights as set forth throughout this Complaint.

93.     Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS through their policies, procedures, regulations, or customs, or lack thereof, breached their duties, which amounted to reckless and/or deliberate indifference toward the

general public, and toward Z.F. Doe specifically, in the following ways, including, but not limited to:

     a.  Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

     b.  Failing to enact or provide training on proper policies regarding the recognition of the risks that physical sexual abuse will occur;

     c.  Failing to enact or provide training on proper policies regarding allowing adults such as Defendant Baird to be alone and unsupervised with minor students such that those minor students were at an increased risk of harm;

     d.  Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and Z.F. Doe in particular;

     e.  Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendant Baird, relative to the propensity to engage in the physical sexual abuse of children such that, despite written policies against such abuse, failure to sufficiently take action to prevent the occurrence of abuse of Z.F. Doe has led to the formation of a custom that such abuse will be encouraged and tolerated;

     f.  Failure to have proper policies, procedures, and training to address with the danger of using physical sexual abuse against individuals, including Z.F. Doe;

     g.  Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendant Baird, who are known or should have been known to engage in improper use of physical sexual abuse;

     h.  Failure to supervise and/or train employees to prevent violation of students' Constitutional rights;

     i.  Sanctioning the use of physical sexual abuse by failing to adequately discipline or terminate employees who are known to have violated the Constitutional right of students on prior occasions, including but not limited to Defendant Baird;

     j.  Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

     k.  Ratifying the violation of constitutional rights by employees;

     l.  Employing and retaining improperly trained employees and administrators;

     m. Other acts and omissions which may be learned through the course of discovery.

94.    The failures and/or actions set forth above to take action to prevent the physical sexual abuse by Defendant Baird of Z.F. Doe were a common pattern and practice among employees and personnel of deliberate indifference such that it constituted a policy or custom and those were followed and enforced by supervisors and administrators, including, but not limited to, Defendants Fisher, Oquist, Bohnwagner, LPS, and GCPS.

95.    The above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the danger to Z.F. Doe's health, safety, and violation of their constitutional rights by Defendant Baird, including, but not limited to, those alleged in this Complaint.

96.  As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, Z.F. Doe has suffered and will continue to suffer

damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earning capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

97.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

98.    The actions and/or deliberate indifference of Defendants as described

above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Z.F. Doe. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT V – GROSS NEGLIGENCE/WILLFUL AND WANTON MISCONDUCT – DEFENDANTS BAIRD, FISHER, OQUIST, AND BOHNWAGNER

99.   Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

100.   Defendant Baird owed Z.F. Doe a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care, and to avoid the use of unnecessary, unjustified, illegal and unreasonable, excessive force and/or physical sexual abuse.

101.   Defendant Baird was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in

an unnecessary or willful or wanton manor toward Z.F. Doe and was indifferent to physical and emotional sexual abuse inflicted on Z.F. Doe, and nevertheless maliciously carried out those acts, and thus breached the above duties in a number of ways.

102. Defendant Baird's conduct, which amounted to gross negligence, was the proximate cause of Z.F. Doe's injuries.

103. Defendant Baird is not entitled to immunity under Michigan law.

104. Defendants Fisher, Oquist, and Bohnwagner owed Z.F. Doe a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care, and to avoid engaging in conduct that created the substantial risks that Z.F. Doe would be sexually abused.

105. Defendants Fisher, Oquist, and Bohnwagner had knowledge that Defendant Baird did and would engage in conduct that created the substantial risks that Z.F. Doe would be sexually abused.

106. Defendants Fisher, Oquist, and Bohnwagner nevertheless allowed Defendant Baird to engage in conduct that created the substantial risks that Z.F. Doe would be sexually abused.

107. Defendants Fisher, Oquist, and Bohnwagner by doing so were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful or wanton manor

toward Z.F. Doe and were indifferent to the substantial risks that physical and emotional sexual abuse would be inflicted on Z.F. Doe, and nevertheless maliciously carried out those acts.

108. Defendant Fisher's, Oquist's, and Bohnwagner's conduct in that regard, together or separately, were the proximate cause of damages to Z.F. Doe in that it was foreseeable that such conduct, together or separately, would result in child abuse of Z.F. Doe by Defendant Baird.

109. Defendants Fisher, Oquist, and Bohnwagner are not entitled to governmental immunity under Michigan law.

110. As a and/or *the* direct and proximate result of Defendant's conduct, Z.F. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and

services;

g. Loss of earning capacity;

h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VI – BATTERY – DEFENDANT BAIRD

111. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

112. Defendant Baird's conduct, as set forth above, constituted a willful and harmful or offensive touching of Z.F. Doe.

113. Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact with Z.F. Doe by committing an intentional touching of Z.F. Doe's intimate parts and/or an intentional touching of the clothing covering the immediate area of Plaintiff's intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

31

114. In addition or in the alternative thereto the conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law because Baird caused his penis to be touched by Z.F. Doe and placed around her mouth.

115. Defendant Baird intended the act that caused the willful and harmful or offensive touching of Z.F. Doe.

116. Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

117. Defendant Baird is not entitled to governmental immunity under Michigan law.

118. As a and/or *the* direct and proximate result of Defendant Baird's conduct, Z.F. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

32

e. Embarrassment, humiliation, and mortification;

f. Reasonable expenses of necessary medical care, treatment and services;

g. Loss of earning capacity;

h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VII – ASSAULT – DEFENDANT BAIRD

119. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

120. The surrounding circumstances of Defendant Baird's conduct created a well-founded apprehension in Z.F. Doe of imminent harmful and offensive contact and injury.

121. The surrounding circumstances of Defendant Baird's conduct created, from Z.F. Doe's perspective and belief, an apparent present ability for Defendant Baird to accomplish harmful and offensive contact and injury.

122. Defendant Baird's conduct, as set forth above, was undertaken during

the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

123. Defendant Baird is not entitled to governmental immunity under Michigan law.

124. As a and/or *the* direct and proximate result of Defendant Baird's conduct, Z.F. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Fright and shock;

    d. Denial of social pleasure and enjoyments;

    e. Embarrassment, humiliation, and mortification;

    f. Reasonable expenses of necessary medical care, treatment and services;

    g. Loss of earning capacity;

    h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT BAIRD

125. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

126. Defendant Baird's conduct, as set forth above, and in particular by inflicting physical and emotional sexual abuse on Z.F. Doe, was intentional or reckless, extreme, outrageous, and of such character as to be intolerable in a civilized society.

127. Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact with Z.F. Doe by committing an intentional touching of Z.F. Doe's intimate parts and/or an intentional touching of the clothing covering the immediate area of Z.F. Doe's intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

128. Defendant Baird's conduct was for an ulterior motive or purpose,

including, but not limited to, to cause Z.F. Doe to suffer severe emotional distress.

129.  Defendant Baird's conduct has caused and will continue to cause Z.F. Doe to suffer severe emotional distress.

130.  Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

131.  Defendant Baird is not entitled to governmental immunity under Michigan law.

132.  As a and/or *the* direct and proximate result of Defendant Baird's conduct, Z.F. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and

services;

g.  Loss of earning capacity;

h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IX – ELLIOTT-LARSEN CIVIL RIGHTS ACT (MCL 37.2101 *et seq.*) – DEFENDANTS LPS, GCPS, AND BAIRD

133. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

134. MCL 37.2102(1) sets forth that "[t]he opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status, or marital status as prohibited by this act, is recognized and declared to be a civil right."

135. Defendants LPS, GCPS, and Baird are each a "person" as that term is defined under MCL 37.2103(g) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

136. Defendants LPS and GCPS are each a "political subdivision" as that term is defined under MCL 37.2103(h) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

137. Defendants LPS and GCPS are each a "place of public accommodation" as that term is defined under MCL 37.2301 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

138. MCL 37.2302 sets forth in relevant part that a "person shall not…deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status."

139. Defendants LPS and GCPS are each an "educational institution" as that term is defined under MCL 37.2401 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

140. MCL 37.2402 sets forth that an "educational institution" shall not do any of the following:

    a. Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.

    b. Exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, or privileges of the institution,

because of religion, race, color, national origin, or sex.

141. MCL 37.2103(i) sets forth as follows:

    i.    Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

        i.    Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

        ii.    Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.

        iii.    The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

142. Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards Z. F. Doe under circumstances and conditions that submission to the conduct or communication was made a term or condition either explicitly or implicitly for Z.F. Doe to public accommodations, public services, and education, and in particular, whether she

would receive visual impairment instruction.

143. Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards Z.F. Doe under circumstances and conditions that submission to or rejection of the conduct or communication by Z.F. Doe was used as a factor in decisions affecting Z.F. Doe's public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

144. Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards Z.F. Doe under circumstances and conditions that the conduct or communication had the purpose or effect of substantially interfering with Z.F. Doe's public accommodations, public services, and education and created an intimidating, hostile, and offensive public accommodations, public services, and education environment.

145. Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards Z.F. Doe under circumstances and conditions that the conduct or communication had the purpose or effect of denying Z.F. Doe the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of

sex.

146. Defendant Baird conduct by engaging in physical sexual abuse of Z.F. Doe constituted sexual harassment as that term is defined under MCL 37.2103(i) and was therefore discrimination "because of sex."

147. Defendant Baird is liable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq* for the violations set forth above.

148. Defendants LPS and GCPS as set forth above, are subject to liability under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

149. Defendants Baird, LPS and GCPS are not entitled to governmental immunity under Michigan law for the violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

150. As a direct and proximate result of the violations of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*, as set forth above, Z.F. Doe has suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

     a.  Physical pain and suffering;

     b.  Mental anguish;

     c.  Fright and shock;

     d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earning capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT X – FAILURE TO REPORT CHILD ABUSE – DEFENDANTS BAIRD, FISHER, OQUIST, AND BOHNWAGNER

151. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

152. The Michigan Child Protection Law ("CPL") imposes a duty on certain individuals to report suspected "child abuse" or "child neglect" and assigns civil liability for failure to fulfill that duty.

153. MCL § 722.623(1)(a) sets forth, in relevant part, as follows:

    1.  An individual is required to report under this act as follows:

        a.  A…social worker, licensed master's social worker, licensed bachelor's social worker, registered social service

technician, social service technician, a person employed in a professional capacity in any office of the friend of the court, school administrator, school counselor or teacher…who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect. Within 72 hours after making an oral report by telephone to centralized intake, the reporting person shall file a written report as required in this act.

154. "Child abuse" is defined under MCL § 722.622(g) as "harm or threatened harm to a child's health or welfare that occurs though nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy."

155. "Central registry" as referenced in MCL § 722.623(1)(a) is defined under MCL § 722.622(c) as "the system maintained at the department that is used to keep a record of all reports filed with the department under this act in which relevant and accurate evidence of child abuse or child neglect is found to exist."

156. The "department" as referenced in MCL § 722.622(c) is defined under MCL § 722.622(q) as "the department of human services."

157. MCL § 722.633(1) provides that "[a] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

158. Defendants Baird, Fisher, Oquist, and Bohnwagner are each required

under the CPL to report child abuse as set forth under MCL § 722.623(1)(a).

159. Defendant Baird's conduct by inflicting physical and emotional sexual abuse on Z.F. Doe constituted child abuse of Z.F. Doe as that term is defined under MCL § 722.622(g).

160. Defendants Baird, Fisher, Oquist, and Bohnwagner each had reasonable cause to suspect that Z.F. Doe had been subjected to child abuse as that term is defined under MCL § 722.622(g).

161. Defendants Baird, Fisher, Oquist, and Bohnwagner each failed to report child abuse of Z.F. Doe of which they had reasonable cause to suspect.

162. Z.F. Doe suffered damages that were proximately caused by the failure of Defendants Baird, Fisher, Oquist, and Bohnwagner to report child abuse of Z.F. Doe of which those Defendants had reasonable cause to suspect.

163. Defendants Baird's, Fisher's, Oquist's, and Bohnwagner's failure to report child abuse of Z.F. Doe together or separately, was the proximate cause of the damages that were suffered by Z.F. Doe for such failures in that it was foreseeable that such failures, together or separately, would result in continued child abuse of Z.F. Doe.

164. As a and/or *the* direct and proximate result of Defendant Baird's, Fisher's, Oquist's, and Bohnwagner's failure to report child abuse of Z.F. Doe, as set forth above, Z.F. Doe has suffered and will continue to suffer damages, both

economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earning capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

Respectfully submitted,

By:  */s/ Parker G. Stinar*
PARKER G. STINAR (P75252)
MICHAEL NIMMO (36947)
**WAHLBERG, WOODRUFF,**
**NIMMO & SLOANE, LLP**
Co-Counsel for Plaintiff
4601 DTC Boulevard, Suite 950
Denver, Colorado, 80237
(303) 571-5302
parker@denvertriallawyers.com
michael@denvertriallawyers.com

By:  ***/s/ Ven R. Johnson***
VEN R. JOHNSON (P39219)
JEFFREY T. STEWART (P24138)
DAVID S. SHIENER (P78608)
**JOHNSON LAW, PLC**
Co-Counsel for Plaintiff
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
jstewart@venjohnsonlaw.com

Dated: October 7, 2022

## PLAINTIFF' JURY DEMAND

NOW COMES Plaintiff DANICA PETTY, as Next Friend of Z.F. DOE by and through her attorneys WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP and JOHNSON LAW, PLC, and hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

By: __*/s/ Parker G. Stinar*_____
PARKER G. STINAR (P75252)
MICHAEL NIMMO (36947)
**WAHLBERG, WOODRUFF,
NIMMO & SLOANE, LLP**
Co-Counsel for Plaintiff
4601 DTC Boulevard, Suite 950
Denver, Colorado, 80237
(303) 571-5302
parker@denvertriallawyers.com
michael@denvertriallawyers.com

By: __*/s/ Ven R. Johnson*_____
VEN R. JOHNSON (P39219)
JEFFREY T. STEWART (P24138)
DAVID S. SHIENER (P78608)
**JOHNSON LAW, PLC**
Co-Counsel for Plaintiff
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
jstewart@venjohnsonlaw.com

Dated: October 7, 2022