UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DANICA PETTY, as Next Friend of
Z.F. DOE,

      Plaintiff,

                                    Case No. 21-11328
v.                                Honorable Victoria A. Roberts

LIVONIA PUBLIC SCHOOLS, et al.,     **MASTER CASE**

                                     **Consolidated with:**
      Defendants.
_____/

GABRIELLE WASHINGTON, as Next
Friend of P.H. DOE, a minor,

      Plaintiff,

                                    Case No. 22-12402
v.                                  Honorable Victoria A. Roberts

LIVONIA PUBLIC SCHOOLS, et al.,

      Defendants.
_____/

AMANDA WILHELM, as Next Friend of
M.S. DOE,

      Plaintiff,

                                    Case No. 22-10809
v.                                  Honorable Victoria A. Roberts

LIVONIA PUBLIC SCHOOLS, et al.,

      Defendants.
_____/

LONA and KENDRICK BLANK, as Next
Friends of K.B. DOE,

     Plaintiff,

                                       Case No. 22-12404

v.                                   Honorable Victoria A. Roberts

LIVONIA PUBLIC SCHOOLS, et al.,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART BAIRD'S MOTION TO STAY CIVIL ACTIONS PENDING RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDINGS AGAINST HIM [ECF No. 66]

## I.    INTRODUCTION & BACKGROUND

These lawsuits – consolidated for discovery – arise out of claims of sexual abuse by Defendant James Baird against several minor children while he was a vision specialist employed by Livonia Public Schools and contracted by Garden City Public Schools and Wayne-Westland Community School District.  Plaintiffs assert numerous claims against the school districts and employees and administrators of the schools as well.

On January 24, 2023, the State of Michigan filed felony complaints against Baird arising from allegations made by three of the four minor Plaintiffs.

Before the Court is Baird's Motion to Stay Civil Actions Pending Resolution of the Parallel Criminal Proceedings Against Him. [ECF No. 66]. Plaintiffs oppose the motion.  The other Defendants do not take a stance on the relief Baird requests.

For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Baird's Motion.

## II.    LEGAL STANDARD

### A.    Stay of Civil Action

"'[N]othing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment,' . . . and 'there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings.'"  *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citations omitted).  "[A] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy."  *Id.* (citation omitted).

The Court has "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending."  *Id.*  In determining whether a stay is appropriate, the Court should "consider and balance" the following factors: (1) "the extent to which the issues in the criminal case overlap with those presented in the civil case"; (2) "the status of the case,

3

including whether the defendants have been indicted"; (3) "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) the Court's interests; and (6) the public interest. *Id*. (citation omitted).  In addition, the Court must consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* (citations omitted).  "The burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627-28 (citation omitted).

## B.    Protective Order

Federal Rule of Civil Procedure 26(c) allows the Court to issue protective orders limiting and/or otherwise governing the taking of discovery.  Particularly, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  To show good cause for a protective order, a party must "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citation omitted).

4

## III.   ANALYSIS

Baird asks the Court to stay the proceedings pending resolution of the recently filed criminal complaints.  Alternatively, he requests entry of a protective order suspending discovery deadlines applicable to him, and otherwise precluding discovery which would potentially require him to compromise his Fifth Amendment rights.

Baird says there is substantial overlap between the civil suits and the pending criminal proceedings.  He says that without a stay, he will either face a risk of self-incrimination and a substantial burden on his Fifth Amendment rights, or he will be required to forgo any meaningful defense to the civil claims.

Plaintiffs say a stay would be fundamentally unfair and unduly prejudicial to them because: (1) it is expected that Baird's criminal proceedings will continue for a significant period of time and may involve numerous appellate court proceedings; and (2) as with any delay, there is risk of crucial evidence being lost or witnesses becoming unavailable. Plaintiffs say that while the criminal proceedings are ongoing, there is ample discovery the parties can complete regarding the school districts and current and former school employees.  Plaintiffs also mention that the

parties had discussed facilitation, and a stay would halt the potential of any mutual resolution.

The Court now considers the relevant factors to determine whether a stay is appropriate. *See E.M.A. Nationwide*, 767 F.3d at 627.

### A.    Extent to Which the Issues in the Criminal Case Overlap with Those Presented in the Civil Case

This factor clearly weighs in favor of a stay.  Plaintiffs' claims concern Baird's alleged sexual abuse, the same conduct for which Baird is indicted.

### B.    Case Status, Including Whether Baird Has Been Indicted

This factor also weighs in favor of a stay.  Baird has been indicted with respect to the allegations of three of four Plaintiffs, and authorities are still determining whether to indict Baird in relation to the fourth.

Additionally, last month, a fifth minor filed a case against Baird alleging sexual abuse.  That case has not yet been consolidated, but it will be after a status conference on March 15.  Baird has been indicted with respect to the fifth Plaintiff's allegations.

### C.    The Private Interests of the Plaintiffs in Proceeding Expeditiously Weighed Against the Prejudice to Plaintiffs Caused by the Delay

Baird summarily asserts that Plaintiffs would not be prejudiced by a stay, and that a stay may actually serve their interests.  Baird's conclusory remarks are without merit.

Plaintiffs' interests in proceeding expeditiously are exceptionally strong.  In addition to a typical, or common, interest in proceeding expeditiously to avoid the risk of lost evidence, witness unavailability, and witnesses' memories fading, the minor Plaintiffs have a special interest in proceeding expeditiously to attempt to gain some sense of closure from the alleged horrific abuse they suffered, rather than face a long, protracted proceeding.  That they are minors – going through important mental and emotional development – increases the strength of this interest

The prejudice to Plaintiffs caused by a stay of an indefinite – yet assuredly long – period is also significantly weighty for the same reasons as their interest in proceeding expeditiously: i.e., the risk of losing evidence and witnesses, and the continued emotional harm to/toll on the minors caused by dragging these cases on indefinitely.

### D.    The Private Interests of and Burden on Baird

Plaintiffs say "[Baird] can't [be prejudiced now]" because he: (1) "did not get charged for every minor Plaintiff in this lawsuit"; (2) "knew about the possibility of a criminal proceeding as he had retained a criminal defense lawyer to protect his interest during the investigation and knew that the matter was submitted to [the] Wayne County Prosecutor's Office for further determination"; (3) "spoke to the investigating officer . . . in relation to two

7

minor Plaintiffs . . . and . . . denied the allegations"; and (4) "has already given his explanation in a video-taped interview." [ECF No. 69, PageID.810-11]. This argument is unpersuasive.

Baird's interests in a stay are strong, and the burden on him would be exceptional if he was required to proceed with discovery without protection. Indeed, as Baird says, if he defends himself by responding to discovery and testifying, he risks having that information used against him in criminal proceedings; on the other hand, if he exercises his Fifth Amendment rights, he will forfeit any meaningful defense against Plaintiffs' claims and risk facing adverse inferences for failing to testify and/or respond to discovery.

This factor weighs heavily in favor of a stay.

## E.    The Court's Interests

This factor does not weigh heavily in favor of either outcome. The Court has an interest in all of its cases proceeding expeditiously. However, the Court is also interested in assuring parties receive a fair trial. Additionally, there is a possibility that the criminal proceedings could narrow the issues in this suit.

## F.    The Public Interest

This factor does not weigh strongly in favor of either party. The public interest is furthered where individuals' injuries are remedied in a timely

manner. *See E.M.A. Nationwide*, 767 F.3d at 629.  On the other hand, there is a public interest in assuring that litigants receive a fair trial on the merits and that a person's Fifth Amendment rights are not impeded.

### G.     The Court Will Not Stay the Civil Proceedings

On balance, the factors weigh against a stay.

The Court finds that a stay would be harmful to Plaintiffs' exceptionally strong interests in proceeding expeditiously.  Baird fails to show "a pressing need" for a total stay of the civil proceedings. *E.M.A. Nationwide*, 767 F.3d at 627-28.

The alternative relief Baird requests – i.e., a protective order – will sufficiently protect his interests against self-incrimination and eliminate the burden on his Fifth Amendment rights, while also reducing the potential harm/prejudice to Plaintiffs presented by a stay.

Baird demonstrates good cause for a protective order with specific facts showing he would face serious injury if Plaintiffs could seek discovery from him that would compromise his Fifth Amendment rights.  *See Nix*, 11 Fed. Appx. at 500.

## IV.    CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Baird's Motion. [ECF No. 66].  The Court denies his request for a stay but grants his request for a protective order.

The Court orders the parties to submit a proposed stipulated protective order to chambers by **2:00 p.m. on March 14, 2023**.

The proposed protective order must: (1) suspend discovery deadlines which would require Baird to compromise his Fifth Amendment rights; (2) preclude discovery which would require Baird to compromise his Fifth Amendment rights; (3) include a tentative list of witnesses with their last known contact information; (4) set forth a preliminary list of relevant evidence which must be preserved; (5) require Baird to preserve any relevant information/evidence in his possession that has yet to be produced; (6) provide that Baird must engage in any discovery that will not require him to compromise his Fifth Amendment rights; (7) address whether the parties will engage in facilitation; and (8) include any other provisions or details the parties believe are necessary.

The Court will enter/issue the protective order pursuant to Rule 26(c)(1).

The protective order will remain in effect until the parties stipulate otherwise or until the Court orders – on its own or upon motion/request of any party – that it is no longer required.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 7, 2023

11