UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Danica Petty, *et al.*,

                Plaintiffs,   Case No. 21-11328

v.   Judith E. Levy
    United States District Judge

Garden City Public Schools, *et al.*,

                   Mag. Judge Anthony P. Patti

                Defendants.[1]

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST LIVONIA PUBLIC SCHOOLS, GARDEN CITY PUBLIC SCHOOLS, AND WAYNE WESTLAND COMMUNITY SCHOOL DISTRICT, GRANTING PLAINTIFFS' MOTION FOR A STAY, AND GRANTING DEFENDANT BAIRD'S REQUEST TO VOLUNTARILY WITHDRAW WITHOUT PREJUDICE HIS PENDING PRE-TRIAL MOTIONS [224]**

Before the Court is Plaintiffs' motion for entry of a final judgment of dismissal against Defendants Livonia Public Schools ("LPS"), Garden City Public Schools ("GCPS"), and Wayne Westland Community School

---

[1] This litigation involves several cases that have been consolidated for pretrial purposes only. (ECF Nos. 50, 77; *see also* ECF No. 201, PageID.10849–10850.) *Petty* (21-11328) is the lead case, and all filings must be made on that case docket.

District ("WWCSD"), motion for a stay, and Defendant Baird's request to voluntarily withdraw without prejudice his pending pre-trial motions. (ECF No. 224.) For the reasons set forth below, the motion is granted.

On March 6, 2025, the Court granted GCPS and WWCSD's motions for summary judgment. (ECF No. 183.) On June 17, 2025, the Court granted LPS's motion for summary judgment. (ECF No. 201.) These orders dismissed all of Plaintiffs' claims against GCPS, WWCSD, and LPS ("the School Defendants"). (ECF Nos. 183, 201.)

Federal Rule of Civil Procedure 54(b) states,

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*See also In re Flint Water Cases*, No. 516CV10444JELEAS, 2023 WL 1457433, at *1 (E.D. Mich. Feb. 1, 2023). "By utilizing Rule 54(b), a district court 'may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims' . . . or for fewer than all the parties." *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (citing *Sears, Robuck & Co. v. Mackey*, 351 U.S. 427, 431

2

(1956)). The district court's discretion "is not unbounded" and Rule 54(b) "is not to be used routinely, . . . or as a courtesy or accommodation to counsel." *Id.* (citations omitted).

Some factors that the district court should consider in determining whether to grant a motion under Rule 54(b) are the following:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3rd Cir. 1975) (paragraph breaks added) (overruled in part by *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980)). "Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Id.* (quoting *Allis-Chalmers Corp.*, 521 F.2d at 364).

These factors weigh in favor of granting Plaintiffs' motion for entry of a final judgment against the School Defendants.

As to the first factor, the only remaining claims in this case are Plaintiffs' claims against Defendant James Baird. There is little relationship between Plaintiffs' claims against Baird and Plaintiff's claims against GCPS, WWCSD, and LPS.

Plaintiffs allege that Baird sexually abused minor children, all of whom were students with visual impairments. Baird worked as an employee of LPS and was contracted out by agreement to work in GCPS and WWCSD. (*See* ECF No. 183, PageID.9554; ECF No. 201, PageID.10851.) Plaintiffs argue that the School Defendants are liable because they failed to screen Baird from employment, failed to train and/or properly supervise him, and were deliberately indifferent to allegations against Baird. (ECF No. 201, PageID.10863, 10874; ECF No. 183, PageID.9571–9572, 9594.) These legal issues have little to do with the legal issues associated with Baird himself, who is accused of sexually abusing these minor children in violation of the Constitution and state law. (*See*, *e.g.*, ECF No. 40.) For these same reasons, the third factor also

4

weighs in favor of Plaintiffs' motion. Any appeal related to Baird would involve different issues than an appeal related to the School Defendants.

As to the second factor, any appeal taken against Baird would not be impacted by an appeal by the School Defendants. The converse is also true, making this factor favor entry of judgment against the School Defendants appropriate in this case.

With regard to the fourth factor, there are no claims or counter-claims that could result in a set-off. This factor is not applicable to the circumstances of the case.

Finally, with regard to the fifth factor, the overall circumstances in this litigation weigh in favor of entering a final judgment against the School Defendants. Plaintiffs' motion is unopposed by Baird, the remaining Defendant. (ECF No. 224, PageID.12644.) Further, an appeal at this time could prevent repetitive trials with witnesses having to testify multiple times. (*Id.* at PageID.12648.) As such, these factors weigh in favor of granting Plaintiffs' motion for entry of a final judgment against the School Defendants.

Accordingly, Plaintiffs' motion (ECF No. 224) is GRANTED under Federal Rule of Civil Procedure 54(b). The case against Baird is STAYED

pending the appeal. Upon remand from the Sixth Circuit, the Court will schedule a status conference regarding new dates for trial. Finally, Defendant Baird's request to voluntarily withdraw without prejudice his pending pre-trial motions (ECF Nos. 198, 207, 208, 209) is GRANTED. (ECF No. 224, PageID.12649.)

IT IS SO ORDERED.

Dated: October 15, 2025　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2025.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager